CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 23 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 5:15CR00017 |
| ) | |
| v. ) | |
| ) | 2255 MEMORANDUM OPINION |
| GERALD ANTHONY THOMAS JR., ) | |
| ) | By: Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

Gerald Anthony Thomas Jr., has filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. He argues that his counsel was ineffective for failing to recognize that the court imposed a sentence exceeding the maximum allowed by statute following a supervised release violation. The government agrees. After careful review of the record and applicable case law, the court concludes that Thomas is entitled to relief and will grant his § 2255 motion.

I.

Thomas pleaded guilty in Federal Court for the District of Maryland to possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5841 and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On July 22, 2008, he was sentenced to 120 months' imprisonment and three years' supervised release for the shotgun charge and 144 months' imprisonment and five years' supervised release for the felon in possession charge, to run concurrently, because the court concluded that Thomas was an armed career criminal.

On September 7, 2014, Thomas, through counsel, filed a consent motion to correct sentence under 28 U.S.C. § 2241, arguing that he no longer qualified as an armed career

criminal following Supreme Court and Fourth Circuit precedent. Thomas argued that he had overserved his sentence without the enhancement under the Armed Career Criminal Act ("ACCA"). The court granted the unopposed motion, concluding that Thomas was no longer an armed career criminal, and amended his sentence to time served plus two weeks, to allow for him to make arrangements in preparation for his release from prison. The court imposed the same terms of supervised release. Thomas began his term of supervised release in September 2014. On May 26, 2015, jurisdiction over his case was transferred to this court.

In 2017, Thomas was convicted of possession of drugs in state court. On July 18, 2017, this court concluded that Thomas violated the conditions of his supervised release. Accordingly, the court revoked his supervised release and imposed a 24-month sentence for the shotgun-possession conviction and a concurrent 36-month sentence for the felon-in-possession conviction.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thomas bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Thomas argues that his counsel provided ineffective assistance at his supervised release revocation hearing because she failed to object to the fact that he was sentenced to

2

36 months' imprisonment for his felon-in-possession conviction, when he faced a statutory maximum term of 24 months for that conviction.[1] Thomas' argument is meritorious, and his sentence is unlawful.

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish that his counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: he must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669. To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Thomas can satisfy Strickland's requirements and establish that counsel provided ineffective assistance. Thomas faced a maximum term of imprisonment of 10 years for his felon in possession charge, after it was determined that he no longer qualified as an armed career criminal under the ACCA. 18 U.S.C. § 924(a)(2). A conviction with a maximum 10-year sentence is a class C felony. 18 U.S.C. § 3559(a)(3). The maximum term of supervised

---

[1] Thomas also suggests that the supervised release terms in his amended judgment — three years for the shotgun-possession conviction and five years for the felon-in-possession conviction — were improper. Thomas is correct that he should have received no more than three years of supervised release for each conviction; the five-year term was above the statutory maximum. 18 U.S.C. § 3583(b)(2) (providing that the maximum term of supervised release for a felon in possession conviction, which is a Class C felony, is three years). However, he cannot establish prejudice. Thomas violated the terms of his supervised release less than three years after his sentence began. Accordingly, he was properly on supervised release when he was arrested on his state drug charges. As a result, the court was required to conduct a supervised release revocation hearing. Fed. R. Crim. P. 32.1(b)(2).

3

release that may be imposed following a revocation of a term of supervised release where the underlying conviction is a Class C felony, is 24 months. 19 U.S.C. § 3583(e)(3).

Thomas was sentenced to 36 months' incarceration for the felon-in-possession conviction following his supervised release violation. Counsel erred by failing to object to this sentence, as it exceeded the maximum sentence allowed by statute. Accordingly, Thomas has established that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In addition, Thomas has established prejudice. But for counsel's error, he would have received a "more favorable" result, a lower sentence. Id. at 695. Because Thomas was sentenced above the statutory maximum for his felon-in-possession conviction following his supervised release violation, he is entitled to relief. See United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law.") (internal quotation marks omitted).

Thomas' sentence of 36 months is unlawful, as it exceeds the statutory maximum of 24 months' incarceration. Accordingly, the court will amend Thomas' judgment to a total term of 24 months: 24 months as to the shotgun-possession conviction and 24 months for the felon-in-possession conviction. 28 U.S.C. § 2255(b) ("If the court finds that the . . . sentence imposed was not authorized by law . . . the court shall . . . correct the sentence as may appear appropriate.").

4

## III.

Thomas was sentenced above the statutory maximum and is entitled to relief. Therefore the court will grant Thomas' motion to vacate. An appropriate order will be entered this day.

**ENTER:** This 22nd day of March, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge